UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| POT LUCK, L.L.C., | : | **ECF CASE** |
| Plaintiff, | : | 2006 CIV. 10195 (DAB) |
| -against- | : | |
| CHERYL A. FREEMAN, JEFF SAGANSKY, JERRY SMALLWOOD, ALLUMINATION FILMWORKS LLC, and ARDUSTRY HOME ENTERTAINMENT, LLC, | : | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff, complaining of Defendants, by its attorney, DONALD E. CAMERON, respectfully sets forth and alleges as follows:

**JURISDICTION**

1. Jurisdiction herein is based upon the Copyright Act, 17 U.S.C. § 501 et seq., the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, and upon 28 U.S.C. §§ 1331, 1338 and 2201-2202. Plaintiff also invokes the supplemental jurisdiction of this Court. (28 U.S.C. § 1367). Plaintiff demands jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**VENUE**

2. Venue is properly laid within the Southern District of the State of New York as Plaintiff resides within said District and the acts complained of by Plaintiff were committed by Defendants or occurred within said District.

**PARTIES**

3. Plaintiff POT LUCK, L.L.C. ("Plaintiff"), at all relevant times material hereto, was and continues to be a limited liability company duly organized under the laws of the State of New York.

4. Upon information and belief, Defendant CHERYL A. FREEMAN ("FREEMAN"), at all relevant times material hereto, was and continues to be an individual residing in the State of California.

5. Upon information and belief, Defendant JEFF SAGANSKY ("SAGANSKY"), at all relevant times material hereto, was and continues to be an individual residing in the State of California.

6. Upon information and belief, Defendant JERRY SMALLWOOD ("SMALLWOOD"), at all relevant times material hereto, was and continues to be an individual residing in the State of New Jersey.

7. Upon information and belief, at all relevant times material hereto, Defendant ARDUSTRY HOME ENTERTAINMENT, LLC ("ARDUSTRY") was and continues to be a limited liability company duly organized under the laws of the State of Delaware, having its principal place of business in the State of California at 9000 W. Sunset Boulevard, Suite 808, West Hollywood, CA 90069.

8. Upon information and belief, at all relevant times material hereto, Defendant ALLUMINATION FILMWORKS LLC ("ALLUMINATION") was and continues to be a limited liability company duly organized under the laws of the State of Delaware, having its principal place of business in the State of California at 21250 Califa Street, Suite 102, Woodland Hills, CA 91367.

9.  Upon information and belief, at all relevant times material hereto, Defendants FREEMAN and SAGANSKY were and continue to be the owners and/or managers of Defendants ARDUSTRY and ALLUMINATION.

10.  Upon information and belief, Defendant SMALLWOOD was and continues to be an employee and/or agent of Defendant ALLUMINATION and/or ARDUSTRY.

11. Upon information and belief, ALLUMINATION is a successor in interest to ARDUSTRY, and has been assigned any and all rights obtained by ARDUSTRY.

**FACTS UPON WHICH RELIEF IS CLAIMED**

12.  Plaintiff created and owns an original feature-length motion picture entitled *High Times' Potluck* ("Film") which Plaintiff registered with the United States Copyright Office on or about May 12, 2003, receiving Registration Number PA-1-212-729.

13.  Defendants FREEMAN and SMALLWOOD conspired to fraudulently obtain a license from Plaintiff allowing Defendant ARDUSTRY to distribute said Film upon the willfully false representation that ARDUSTRY would, among other things, make certain payments to Plaintiff.  Defendants FREEMAN and SAGANSKY made such representations to Plaintiff knowing at the time that said representations were made that they had no intention of fulfilling their promises to Plaintiff.

14.  Pursuant to that end, on or about June 30, 2004 Defendants FREEMAN, SAGANSKY and ARDUSTRY entered into a written agreement with Plaintiff promising, among other things, to make certain payments to Plaintiff in compensation for Plaintiff's granting Defendant ARDUSTRY a license to distribute the Film throughout the United States, Canada and their respective territories, commonwealths, possessions and trusteeships

(hereinafter, the "Agreement").  Among other promises to Plaintiff, Defendants FREEMAN, SAGANSKY and ARDUSTRY promised to allocate its distribution fee percentage after deducting expenses they incurred for the distribution and for which Defendants would first be recouped.  Additionally, on or about December 14, 2004, Defendants FREEMAN, SAGANSKY and ARDUSTRY entered into a subsequent additional agreement with Plaintiff in which they obtained a license to distribute the Film throughout the rest of the World (hereinafter, the "World Rights Agreement").

15.  Upon information and belief, Defendants FREEMAN, SAGANSKY and ARDUSTRY subsequently transferred its licensing rights to their related entity, ALLUMINATION.

16.  The Film was released on January 25, 2005.  Defendants ARDUSTRY, ALLUMINATION, FREEMAN and SAGANSKY have failed, despite repeated demands by Plaintiff, to properly and pursuant to the Agreement calculate the amount of money due Plaintiff, or to pay Plaintiff the money it is owed pursuant to the Agreement.

17.  Furthermore, one or more entities who have expressed a desire to distribute the Film in one or more of the territories covered under the World Rights Agreement have been refused territorial licenses by Defendants ALLUMINATION, ARDUSTRY, FREEMAN, SMALLWOOD and SAGANSKY despite Defendants ALLUMINATION, ARDUSTRY, FREEMAN, SMALLWOOD and SAGANSKY's promises to market the Film worldwide.

18.  Defendants obtained the licenses to distribute the Film knowing that it would not abide by the Agreement and/or the World Rights Agreement (hereinafter collectively, the "Agreements").

19. Defendants continue to distribute the Film pursuant to the licenses they fraudulently obtained from Plaintiff.

20. Defendants procured the licenses to distribute the Film by deceptively promising to pay Plaintiff pursuant to the terms of the Agreements, and with the intention of not fulfilling said promise to pay.  Additionally, Defendants procured the World Rights Agreement by deceptively promising to market the Film in certain foreign territories, and with the intention of not fulfilling its obligation to so market said Film.  By so doing they have conspired to commit fraud against Plaintiff, and their acts constitute a misuse, misappropriation, theft, and pirating of Plaintiff's Film.

21. Defendants are distributing copies of Plaintiff's Film for their profit and pecuniary gain and advancement, and Defendants are deriving and will continue to derive large revenue and profits from this violation of Plaintiff's rights.

## COUNT I

### (Copyright Infringement - Federal Claim)

22. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 21 <u>in haec verba</u>.

23. Defendants' actions constitute copyright infringement and are violations of 17 U.S.C. § 501.

24. By reason of the foregoing, Plaintiff has been and continues to be damaged in an amount not yet ascertained but, upon information and belief, is in excess of $1,000,000.00, and is entitled to the remedies provided for in 17 U.S.C. § 502 <u>et seq</u>.

25. Plaintiff has been caused additional irreparable injury for which it has no

adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against each of the Defendants jointly and severally:

    a.    That Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from distributing said Film; selling or marketing said Film in any manner that tends to deceive, mislead or confuse the public into believing that Defendants hold a license to distribute, sell or market said Film; infringing on Plaintiff's copyright; or otherwise competing unfairly with Plaintiff and its licensee(s).

    b.    That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and form in which the Defendants have complied with the injunction.

    c.    That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of said Film.

    d.    That Defendants be required to pay to Plaintiff such damages as Plaintiff is entitled pursuant to 17 U.S.C. § 504 et seq.

    e.    That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other

  f.  That Plaintiff be awarded attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

  g.  That this Court grant such other and further relief that law and justice require.

## COUNT II

**(False Designation - Federal Claim)**

26. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 25 <u>in haec verba</u>.

27. Defendants' actions are likely to confuse and mislead members of the trade and public and to induce the mistaken belief that Defendants are authorized by Plaintiff to distribute said Film.

28. Defendants' actions constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

  a.  That Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from selling or marketing the Film in any way that tends to deceive, mislead or confuse the public into believing that Defendants are in any way sanctioned by

        or affiliated with Plaintiff; infringing on Plaintiff's copyright; and otherwise competing unfairly with Plaintiff and its licensees.

b.    That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and form in which the Defendants have complied with the injunction.

c.    That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

d.    That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of infringement, unfair competition, deceptive and unfair practices and dilution, including multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to the Lanham Act, 15 U.S.C. § 1117.

e.    That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other materials concerning the Film.

f.    That Plaintiff be awarded as and for punitive damages in an amount in excess of $1,000,000.00, jointly and severally against each of the named Defendants.

g.    That Plaintiff be awarded attorneys' fees and costs and expenses of

     this litigation, jointly and severally against each of the named Defendants.

  h.  That this Court grant such other and further relief that law and justice require.

### COUNT III

### (Unfair Competition - Federal Claim)

29.  Plaintiff repeats and realleges the allegations of Paragraphs 1 - 28 <u>in haec verba</u>.

30.  Defendants above-described conduct constitutes a violation of the federal law against unfair competition as set forth in 15 U.S.C. § 1125 <u>et seq</u>.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants jointly and severally:

  a.  That Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from selling or marketing the Film in any way that tends to deceive, mislead or confuse the public into believing that Defendants are in any way affiliated with Plaintiff; infringing on Plaintiff's copyright; and otherwise competing unfairly with Plaintiff and its licensees.

  b.  That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and

    form in which the Defendants have complied with the injunction.

c. That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of said Film.

d. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of infringement, unfair competition, deceptive and unfair practices and dilution, including multiple damages in the amount of three times the damages sustained by Plaintiff pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

e. That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other materials concerning the Film.

f. That Plaintiff be awarded as and for punitive damages in an amount in excess of $1,000,000.00, jointly and severally against each of the named Defendants.

g. That Plaintiff be awarded attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

h. That this Court grant such other and further relief that law and justice require.

## COUNT IV

**(Common-Law Unfair Competition - Supplemental Claim)**

31. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 30 <u>in haec verba</u>.

32. Defendants' above-described acts constitutes common-law unfair competition with Plaintiff.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

    a.    That Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from selling or marketing the Film; and otherwise competing unfairly with Plaintiff and its licensees.

    b.    That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and form in which the Defendants have complied with the injunction.

    c.    That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

    d.    That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of infringement, unfair competition, deceptive and unfair practices

        and dilution, including multiple damages in the amount of three times the damages sustained by Plaintiff.

e.    That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other materials concerning the Film.

f.    That Plaintiff be awarded as and for punitive damages in an amount in excess of $1,000,000.00, jointly and severally against each of the named Defendants.

g.    That Plaintiff be awarded attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

h.    That this Court grant such other and further relief that law and justice require.

## COUNT V

**(Deceptive Acts and Practices - Supplemental Claim)**

33. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 32 <u>in haec verba</u>.

34. Defendants, by their above-described conduct, have engaged in deceptive acts and practices in violation of New York General Business Law § 349 and similar laws of other states in which the Film was marketed or distributed.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

a. That Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from selling or marketing the Film; and otherwise competing unfairly with Plaintiff and its licensees.

b. That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and form in which the Defendants have complied with the injunction.

c. That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

d. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of infringement, unfair competition, deceptive and unfair practices and dilution, including multiple damages in the amount of three times the damages sustained by Plaintiff.

e. That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other materials concerning the Film.

f. That Plaintiff be awarded as and for punitive damages in an amount in excess of $1,000,000.00, jointly and severally against

       each of the named Defendants.

g.      That Plaintiff be awarded attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

h.      That this Court grant such other and further relief that law and justice require.

## COUNT VI

### (Fraud - Supplemental Claim)

35. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 34 <u>in haec verba</u>.

36. Defendants' above-described conduct constitutes common-law fraud, and by virtue of said conduct Defendants have defrauded Plaintiff in an amount not yet ascertained but which upon information and belief is in excess of $1,000,000.00.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

a.      Directing that Defendants, their officers, agents, servants, employees and all persons acting in concert or participation with Defendants be preliminarily and permanently enjoined from selling or marketing the Film; and otherwise competing unfairly with Plaintiff and its licensees; infringing on its copyright; and diluting the distinctive quality of Plaintiff's mark.

b.      That Defendants be directed to file with this Court and serve on

       Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail, the manner and form in which the Defendants have complied with the injunction.

c.    That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

d.    That Defendants be required to pay to Plaintiff damages as Plaintiff has sustained as a consequence of Defendants' acts of fraud, including multiple damages in the amount of three times the damages sustained by Plaintiff.

e.    That Defendants be required to deliver up for destruction all products, packaging, labels, literature, advertising and other materials concerning the Film.

f.    That Plaintiff be awarded as and for punitive damages in an amount in excess of $1,000,000.00, jointly and severally against each of the named Defendants.

g.    That Plaintiff be awarded attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

h.    That this Court grant such other and further relief that law and justice require.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: New York, New York
       October 18, 2006

                                    LAW OFFICES OF DONALD E. CAMERON

                                    <u>S/Donald E. Cameron</u>
                                    DONALD E. CAMERON (DC9565)
                                    Attorney for Plaintiff
                                    139 Fulton Street, Suite 211
                                    New York, New York 10038
                                    (212) 233-3348

2006 CIV. 10195 (DAB)

<u>ECF CASE</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

POT LUCK, L.L.C.,

                Plaintiff,

-against-

CHERYL A. FREEMAN,

JEFF SAGANSKY,

JERRY SMALLWOOD,

ALLUMINATION FILMWORKS LLC

and

ARDUSTRY HOME ENTERTAINMENT, LLC,

                Defendants.
_____

**COMPLAINT and DEMAND FOR JURY TRIAL**

_____

                LAW OFFICES OF DONALD E. CAMERON
                DONALD E. CAMERON (DC9565)
                Attorney for Plaintiff
                139 Fulton Street, Suite 211
                New York, New York 10038
                (212) 233-3348

Dated:  New York, New York
        October 18, 2006