UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

POT LUCK, L.L.C., : **ECF CASE**

                Plaintiff, : 2006 CIV. 10195
: (DAB)

-against- :

CHERYL A. FREEMAN, JERRY SMALLWOOD, : **AMENDED**
ALLUMINATION FILMWORKS LLC, : **COMPLAINT**
and ARDUSTRY HOME ENTERTAINMENT, LLC, : **and**
: **DEMAND FOR**
                Defendants. : **JURY TRIAL**

------------------------------------------------x

## AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiff, complaining of Defendants, by its attorney, DONALD E. CAMERON, respectfully sets forth and alleges as follows:

### JURISDICTION

1. This Court has jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. Plaintiff demands jury trial on all issues and claims pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### VENUE

2. Venue is properly laid within the Southern District of the State of New York as Plaintiff resides within said District and the acts complained of by Plaintiff were committed by Defendants or occurred within said District.

### PARTIES

3. Plaintiff POT LUCK, L.L.C. ("Plaintiff"), at all relevant times material hereto, was and continues to be a limited liability company duly organized under the laws of the State of New York.

4. Upon information and belief, Defendant CHERYL A. FREEMAN ("FREEMAN"), at all relevant times material hereto, was and continues to be an individual residing in the State of California.

5. Upon information and belief, Defendant JERRY SMALLWOOD ("SMALLWOOD"), at all relevant times material hereto, was and continues to be an individual residing in the State of New Jersey.

6. Upon information and belief, at all relevant times material hereto, Defendant ARDUSTRY HOME ENTERTAINMENT, LLC ("ARDUSTRY") was and continues to be a limited liability company duly organized under the laws of the State of Delaware, having its principal place of business in the State of California at 9000 W. Sunset Boulevard, Suite 808, West Hollywood, CA 90069.

7. Upon information and belief, at all relevant times material hereto, Defendant ALLUMINATION FILMWORKS LLC ("ALLUMINATION") was and continues to be a limited liability company duly organized under the laws of the State of Delaware, having its principal place of business in the State of California at 21250 Califa Street, Suite 102, Woodland Hills, CA 91367.

8. Upon information and belief, at all relevant times material hereto, Defendant FREEMAN was an owner and/or manager of Defendants ARDUSTRY and ALLUMINATION.

9. Upon information and belief, Defendant SMALLWOOD was and continues to

be an employee and/or agent of Defendant ALLUMINATION and/or ARDUSTRY.

10. Upon information and belief, ALLUMINATION is a successor in interest to ARDUSTRY, and has been assigned any and all rights obtained by ARDUSTRY.

## FACTS UPON WHICH RELIEF IS CLAIMED

11. Plaintiff created and owns an original feature-length motion picture entitled *High Times' Potluck* ("Film") which Plaintiff registered with the United States Copyright Office on or about May 12, 2003, receiving Registration Number PA-1-212-729.

12. Defendants FREEMAN and SMALLWOOD conspired to fraudulently obtain a license from Plaintiff allowing Defendant ARDUSTRY to distribute said Film upon the willfully false representation that ARDUSTRY would, among other things, make certain payments to Plaintiff. Defendants FREEMAN and SMALLWOOD made such representations to Plaintiff knowing at the time that said representations were made that they had no intention of fulfilling their promises to Plaintiff.

13. Pursuant to that end, on or about June 30, 2004 Defendants FREEMAN and ARDUSTRY entered into a written agreement with Plaintiff promising, among other things, to make certain payments to Plaintiff in compensation for Plaintiff's granting Defendant ARDUSTRY a license to distribute the Film throughout the United States, Canada and their respective territories, commonwealths, possessions and trusteeships (hereinafter, the "Agreement"). Among other promises to Plaintiff, Defendants FREEMAN and ARDUSTRY promised to allocate its distribution fee percentage after deducting expenses they incurred for the distribution and for which Defendants would first be recouped. Additionally, on or about December 14, 2004, Defendants FREEMAN and ARDUSTRY entered into a subsequent

3

additional agreement with Plaintiff in which they obtained a license to distribute the Film throughout the rest of the World (hereinafter, the "World Rights Agreement").

14. Upon information and belief, Defendants FREEMAN and ARDUSTRY subsequently transferred its licensing rights to their related entity, ALLUMINATION.

15. The Film was released on January 25, 2005. Defendants ARDUSTRY, ALLUMINATION, and FREEMAN failed, despite repeated demands by Plaintiff, to properly and pursuant to the Agreement calculate the amount of money due Plaintiff, or to pay Plaintiff the monies it is owed pursuant to the Agreement, and remain in breach of both the Agreement and the World Rights Agreement (hereinafter collectively, the "Agreements").

16. Furthermore, one or more entities who have expressed a desire to distribute the Film in one or more of the territories covered under the World Rights Agreement have been refused territorial licenses by Defendants ALLUMINATION, ARDUSTRY, FREEMAN, and SMALLWOOD, despite Defendants ALLUMINATION, ARDUSTRY, FREEMAN, and SMALLWOOD's promises to market the Film worldwide. Said refusal was unreasonable and a further breach of the Agreements.

17. Defendants obtained the licenses to distribute the Film knowing that it would not abide by the Agreements, misrepresenting their ability and efforts to distribute the Film, and fully knowing that ARDUSTRY and ALLUMINATION would not properly account to Plaintiff or pay Plaintiff monies which were due Plaintiff.

18. Defendants continue to distribute the Film pursuant to the licenses they fraudulently obtained from Plaintiff.

19. Defendants procured the licenses to distribute the Film by deceptively

4

promising to pay Plaintiff pursuant to the terms of the Agreements, and with the intention of not fulfilling said promise to pay. Additionally, Defendants procured the World Rights Agreement by deceptively promising to market the Film in certain foreign territories, and with the intention of not fulfilling its obligation to so market said Film. By so doing they have conspired to commit fraud against Plaintiff, and their acts constitute a misuse, misappropriation, theft, and pirating of Plaintiff's Film.

20. Defendants are distributing copies of Plaintiff's Film for their profit and pecuniary gain and advancement, and Defendants are deriving and will continue to derive large revenue and profits from this violation of Plaintiff's rights.

21. As a result of the foregoing, Plaintiff has been damaged in an amount in excess of $75,000.00

## COUNT I

### (Breach Of Contract)

22. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 21 <u>in haec verba</u>.

23. Defendants ARDUSTRY and ALLUMINATION's above-described acts constitute a breach of their Agreements with Plaintiff.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

    a.    Requiring Defendants ARDUSTRY and ALLUMINATION to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

  b. Requiring Defendants ARDUSTRY and ALLUMINATION to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' breach.

  c. Granting such other and further relief that law and justice require.

## COUNT II

### (Deceptive Acts and Practices)

24. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 23 in haec verba.

25. All named Defendants, by their above-described conduct, have engaged in deceptive acts and practices in violation of New York General Business Law § 349 and similar laws of other states in which the Film was marketed or distributed.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

  a. Requiring Defendants to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

  b. Requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' acts of deceptive and unfair practices, including multiple damages in the amount of three times the damages sustained by Plaintiff.

  c. Awarding Plaintiff punitive damages in an amount in excess of $1,000,000.00, jointly and severally against each of the named Defendants.

  d. Awarding Plaintiff attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

  e. That this Court grant such other and further relief that law and justice require.

## COUNT III

### (Fraud)

26. Plaintiff repeats and realleges the allegations of Paragraphs 1 - 25 in haec verba.

27. Defendants' above-described conduct constitutes common-law fraud, and by virtue of said conduct Defendants have defrauded Plaintiff in an amount not yet ascertained but which upon information and belief is in excess of $1,000,000.00.

WHEREFORE, Plaintiff demands judgment against each of the named Defendants, jointly and severally:

  a. Requiring Defendants ARDUSTRY and ALLUMINATION to account for and pay over to Plaintiff all gains, profits and advantages realized from the sale of the Film.

  b. Requiring all named Defendants to pay to Plaintiff damages as Plaintiff has sustained as a consequence of Defendants' acts of fraud, including multiple damages in the amount of three times the damages sustained by Plaintiff.

  c. Awarding Plaintiff as and for punitive damages in an amount in

          excess of $1,000,000.00, jointly and severally against each of the named Defendants.

d.   Awarding Plaintiff attorneys' fees and costs and expenses of this litigation, jointly and severally against each of the named Defendants.

e.   Granting such other and further relief that law and justice require.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: New York, New York
       April 9, 2009

                          LAW OFFICES OF DONALD E. CAMERON

                          S/Donald E. Cameron
                          DONALD E. CAMERON (DC9565)
                          Attorney for Plaintiff
                          139 Fulton Street, Suite 903
                          New York, New York 10038
                          (212) 233-3348

## **CERTIFICATE OF SERVICE**

    This is to certify that a true copy of the foregoing Amended Complaint, dated April 9, 2009, was served by U.S. Mail this 9th day of April, 2009, on the following counsel, at the location noted below:

Shatzkin & Mayer, P.C.
Debra A. Mayer, Esq.
1776 Broadway, 21st Floor
New York, New York 10019-2002

 

                                          S/ Donald E. Cameron
                                          DONALD E. CAMERON (DC 9565)
                                          LAW OFFICES OF DONALD E. CAMERON
                                          Attorney for Plaintiff
                                          139 Fulton Street, Suite 903
                                          New York, New York 10038
                                          (212) 233-3348

2006 CIV. 10195 (DAB)

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

POT LUCK, L.L.C.,

                              Plaintiff,

-against-

CHERYL A. FREEMAN,

JERRY SMALLWOOD,

ALLUMINATION FILMWORKS LLC

and

ARDUSTRY HOME ENTERTAINMENT, LLC,

                              Defendants.

---

**AMENDED COMPLAINT and DEMAND FOR JURY TRIAL**

---

                              LAW OFFICES OF DONALD E. CAMERON
                              DONALD E. CAMERON (DC9565)
                              Attorney for Plaintiff
                              139 Fulton Street, Suite 903
                              New York, New York 10038
                              (212) 233-3348

Dated: New York, New York
         April 9, 2009